# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH | ) | |
| | ) | |
| v. | ) | Case No. CV611-103 |
| | ) | |
| STATE OF GEORGIA | ) | |

## **REPORT AND RECOMMENDATION**

Though he does not expressly cite to it, Don Robert Faircloth invokes the Civil Rights Removal Statute, 28 U.S.C. § 1443(1), which grants to a state court criminal defendant the right to "remove" his prosecution to federal court. *See, e.g., Walker v. State of Ga.*, 417 F.2d 5, 10-11 (5th Cir. 1969) (even if petitioners, who at all times were outside of restaurant, had general reputation of aiding demonstrators in their peaceful attempts to obtain routine service at places of public accommodation which had established practices of racial discrimination, petitioners charged with violating state malicious mischief, riot, and other offenses against public order statutes were entitled to have prosecutions removed to federal court and, under Civil Rights Act, to

have indictments, dismissed).[1] Now under an active state court prosecution against him for forgery, he has filed with this Court a "Motion to Remove Indictment." *Id.* at 1. Alleging no race-based, but

---

[1] Though seldom used, the Seventh Circuit engaglingly contextualizes § 1443 with other civil rights remedies codified at 42 U.S.C. §§ 1981, 1982, 1983, 1985, along with 18 U.S.C. §§ 241 & 242, which are "criminal analogues to the civil remedies provided in §§ 1983, 1985(3)." *Littleton v. Berbling*, 468 F.2d 389, 399 (7th Cir. 1972); *see also id.* at 402 (class of black citizens "state[d] a cause of action against [state court] judges under 42 U.S. C. §§ 1981, 1983 (and perhaps under 42 U.S.C. § 1982) since the judges are alleged to have imposed heavier fines and sentences and higher bails on plaintiffs' class than on the white citizens. . . ."), *rev'd on other grounds sub nom., O'Shea v. Littleton*, 414 U.S. 488 (1974); 42 U.S.C. §§ 1971, 2000a-(a), 2000a-5. Those remedies, in turn, dovetail with 28 U.S.C. § 2251 (state court proceedings can be stayed while a federal habeas petition is pending), and *Ex parte Young*, 209 U.S. 123, 162-68 (1908) (federal court actions against state officials for injunctive relief to end continuing violations of federal law). 28 U.S.C. § 1443 provides:

> Any of the following civil actions *or criminal* prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis added). Its purpose "is to protect defendants from groundless state charges based on race, assuming that a federal court will be more protective of federally guaranteed equal rights." *J.O. v. Alton Community Unit School Dist. 11*, 909 F.2d 267, 270 n. 2 (7th Cir. 1990) (citing *Walker*, 417 F.2d at 9). Defendants must remove within 30 days of arraignment. 28 U.S.C. § 1446(c)(1). Meanwhile, and for jurisdictional purposes only, the Court **GRANTS** Faircloth's implied *in forma pauperis* motion.

2

only "malicious prosecution" grounds, *id.* at 3, he asks this Court to "allow this indictment to moved to [here] . . . with any other relief the court deems just and proper." *Id.* at 3.

Faircloth's motion fails on two grounds. First, his own pleading shows that he is on the verge of going to trial, having "terminat[ed] his public defender." Doc. 1 at 2. He thus undoubtedly is past the removal statute's 30-day-from-arraignment time limit. *Court of Common Pleas v. Kelly*, 417 F. App'x 126, 127 (3rd Cir. 2011) ("A notice of removal of a criminal prosecution shall be filed no later than 30 days after the arraignment in the state court, unless good cause is shown and the district court elects to enter an order granting the defendant leave to file the notice at a later time. 28 U.S.C. § 1446(c)(1).").

Second, he raises *no* race-based allegations. *Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. 2003) (a state criminal prosecution could not be removed from state court absent a claim that the prosecution involved racial discrimination; the defendant was required to demonstrate that his claims involved a federal law providing specific rights to racial equality and that he had been denied, or could not enforce, specified federal rights in the state courts due to some formal expression of state

3

law); *see also Delaware v. Hefley*, 403 F. App'x 677, 677 (3rd Cir. 2011) (petitioner was not entitled to removal of his criminal case in Delaware court to federal court; he had been able to exercise his right to appeal following conviction and to assert constitutional claims, there was nothing unusual about his case, and removal petition was filed more than 30 days after arraignment in state court).[2]

The motion therefore must be **DENIED**, and this case must be **DISMISSED**.

**SO ORDERED** this  19th  day of September, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] No "remand" is necessary because Faircloth has not succeeded in bringing his criminal case into this Court. Instead, he has simply (and unsuccessfully) *asked* this Court to do so.